## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PAULETTE HARRIS as parent, guardian and Next Friend of M.H., a minor | ) ) ) |
| **Plaintiffs,** | ) |
| vs. | ) ) | **Civil Action File No. _____**
| DEKALB COUNTY SCHOOL DISTRICT, and JOHN/JANE DOES Nos. 1-2 and JOHN DOES No. 3 aka A.F., No. 4 aka B.W., | ) ) ) |
| **Defendants.** | ) |

## COMPLAINT

**COME NOW PAULETTE HARRIS as parent, guardian, Next Friend and on behalf of M.H., a minor** and file this Complaint against the Dekalb County School District, John/Jane Does Nos. 1-2, and John Does No. 3 aka A.F., and No. 4 aka B.W., and shows this Honorable Court as follows:

## <u>BACKGROUND</u>

This cause of action arises from a sexual assault and hazing of a minor attending the Ronald E. McNair Middle School, a middle school located in the Dekalb County School District.

Defendant Dekalb County School District, and its administrators, executives and persons in authority, failed to promptly, properly or appropriately respond to

and investigate reports of sexual misconduct and hazing prior to M.H. being hazed and assaulted. This action is relevant to and in response to the *deliberate indifference* of the Dekalb County School District demonstrated by and through the actions and inactions of its administrators, executives and persons in authority and the creation and continuation of a *hostile environment for students*, more particularly young student athletes and failing to protect students and student athletes, thereby denying them lawful access to educational opportunities.

This action alleges, among other allegations, violations as to Dekalb County School District's administration of obligations created under Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution

## JURISDICTION AND VENUE

1.      This Honorable Court has original jurisdiction over this civil matter because, among other things, it arises under the Constitution of the United States and involves matters of federal law pursuant to 28 U.S.C. § 1331.

2.      This Honorable Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives District Courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage of any

right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

3.    Plaintiff brings this action as the parent and on behalf of M.H. against defendant Dekalb County School District to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4.    This action as to defendant Dekalb County School District is also an action to redress the deprivation of M.H.'s constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5.    This action is also based, in part, on various tortious acts, failures to act, and tortious misconduct on the part of the Dekalb County School District as set forth in the Official Code of Georgia, as well as claims involving violations of M.H.'s federally protected civil rights.

6.    At the time of the incident at issue in this lawsuit, the Dekalb County School District and its administrators, executives, overseers of students and persons in authority, failed to promptly, properly or appropriately follow the policies, practices,

procedures, and guidelines established by both the Georgia and the U.S. Boards of Education, and its own policies resulting in M.H.'s being sexually assaulted.

7.     This action is also based on the negligence/gross negligence and *deliberate indifference* on the part of the Dekalb County School District and the actions and inactions of its administrators, executives and persons in authority.

8.     It is Plaintiff's position that school officials, including its' teachers, executives, administrators and overseers of students, had little, if any, training or experience with respect to the District's inherent responsibility to supervise students, teachers and those having a direct responsibility to overseer students and properly monitor and supervise students, most particularly, those students, to include bodies of student athletes, with propensities to bully or harass or assault other students.

9.     Venue is proper in this Honorable Court under 28 U.S.C. § 1391(b) because jurisdiction is not founded on diversity and a substantial part of the events and omissions giving rise to the claims in this action occurred in Dekalb County, Georgia, which is in and a part of the Northern District of Georgia.

## THE PARTIES

10.     Plaintiff Paulette Harris (hereinafter sometimes "Ms. Harris") is the natural parent, guardian and Next Friend of M.H., a minor, and both Ms. Harris and M.H. are residents of Dekalb County, Georgia, and by the filing of this Complaint submit

to the jurisdiction and venue of this Honorable Court.

11.    At all times relevant hereto, M.H. was a student attending Ronald E. McNair Middle School in Decatur, Georgia which is a middle school within the Dekalb County School District (hereinafter sometimes "the School District").

12.    At all times relevant hereto, M.H. was a twelve-year-old, 6th grade student athlete participating in Ronald E. McNair Middle School's football team.

13.    Defendant Dekalb County School District is a public educational institution located in Dekalb County, Georgia.

14.    At all times relevant hereto, Dr. Devon Horton (hereinafter sometimes "Dr. Horton") was the Superintendent of Schools of the School District.

15.    At all times relevant hereto, Dr. Horton acted in his individual and official capacities, worked within the County of Dekalb and was an agent/employee of the School District, acting and failing to act within the scope, course, and authority of his employment.

16.    Defendant, Dekalb County School District can be properly served in this action by delivering a Summons and Complaint to the Superintendent of the Dekalb County School District at the offices of the Dekalb County School Board located at 1701 Mountain Industrial Blvd, Stone Mountain, Georgia 30083.

17.    Defendants John/Jane Does Nos. 1- 2, are as yet to be identified with certainty,

were employees and/or teachers and/or coaches employed by the Dekalb County
School District and assigned to the McNair Middle School.

18.    At all times relevant hereto, John Does Nos. 3-4, also identified herein as
"A.F." and "B.W.", were student athletes on the football team at the McNair Middle
School who were involved in and participated in the hazing and assault of M.H..

19.    All John/Jane Does, upon being identified, can be properly served in this
action by delivering a Summons and Complaint to each at his or her residence, or
wherever he or she may be located in the State of Georgia.

## PRE-SUIT NOTIFICATIONS

20.    Attached hereto as Exhibit "A" is a copy of the pre-suit notice of claim dated
January 31, 2024, presented to:

- Diijon DaCosta, Sr., Chairman of the Dekalb County Board of
  Education
- Dr. Devon Horton, Superintendent of the School District;
- Marissa Key, Title IX Coordinator for the School District;
- Ronald B. Mitchell, Principal of the Ronald E. McNair Middle School;
  and
- the Georgia Department of Administrative Services, Risk Management
  Division.

21.    Attached hereto as Exhibit "B" are receipts for the pre-suit notices of Claim
showing notices to the immediately above identified individuals and entities were
timely presented.

## BACKGROUND AND FACTUAL ALLEGATIONS

22.    The Dekalb County Board of Education (hereinafter sometimes "the Dekalb County BOE" or as "the Board" is the governing body of and has the exclusive power and duty to govern and oversee the management of the public schools of the Dekalb County School District (O.C.G.A. § 20-2-59), including the Ronald E. McNair Middle School, and delineates and delegates specific duties to the Dekalb County School District and its Superintendent.

23.    The Chairman of the Dekalb County Board of Education is Diijon DaCosta (hereinafter sometimes "Mr. DaCosta").

24.    The Dekalb County School Board is, among other things, responsible for developing and managing the Dekalb County School District's budget and ensuring compliance by the District with local, state, and federal regulations.

25.    At all times relevant hereto, the Superintendent of the Dekalb County School District was Dr. Devon Horton (hereinafter sometimes "the Superintendent" or as "Dr. Horton").

26.    The Ronald E. McNair Middle School (hereinafter sometimes "the McNair Middle School") is a public school located at 2190 Wallingford Drive, Decatur, Georgia, and is one of the schools in the public-school system established, operated and maintained by the Dekalb County School District.

27.    At all times relevant hereto, the principal of the Ronald E. McNair Middle School was Dr. Ronald B. Mitchell (hereinafter sometimes "Dr. Mitchell" or as "Principal Mitchell").

28.    At all times relevant hereto, the Ronald E. McNair Middle School had and supported a middle-school football team made up of young boys who were students at the Ronald E. McNair Middle School.

29.    Upon information and belief, at all times relevant hereto, Lamar Culpepper (hereinafter sometimes "Culpepper") was a coach of the Ronald E. McNair Middle School football team (hereinafter sometimes the "McNair Middle School football team").

30.    Upon information and belief, at all times relevant hereto, Dorian Carroll, Lanell Logan and Vernon Weathers (individually as "Carroll", "Logan", and "Weathers" and collectively as "part of the administration and/or coaching staff") were coaches and/or faculty, and a part of the coaching staff and/or administration and had knowledge of the extreme hazing issue at Ronald E. McNair Middle School.

31.    At all times relevant hereto, the Dekalb County School District, including the administration and the coaching staff of the McNair Middle School football team knew that it was required to provide a safe, positive environment for its students.

32.    In approximately November, 2014, the Dekalb County School District

reached an agreement (hereinafter sometimes the "November 2014 Agreement") with the United States Department of Justice, Civil Rights Division, Educational Opportunities Section and the United States Attorney's Office for the Northern District of Georgia to 'enhance the District's ability to prevent and respond to peer-on-peer harassment…' which, among other things, assisted in making the Dekalb County School District more aware of 'peer-on-peer' harassment, bullying and peer-on-peer assaults.

33.     In as early as November, 2014, the Dekalb County School District agreed to 'review and, where appropriate, revise all District-wide policies, regulations, procedures, and protocols related to discrimination, harassment, bullying, and student discipline' and, among other things, 'establish Administrative Regulations for how harassment and bullying complaints and referrals are submitted, reviewed, and tracked for investigation and resolution' and 'eliminate any hostile environments' and take action to take effective steps to prevent any recurrence of harassment'.   (A copy of the Agreement is attached as Exhibit "C".)

34.     At all times relevant hereto the District had a policy expressly prohibiting, among other things, bullying, harassing or intimidating any student on school property or at school related functions. (See Board Policy Code JCDAG: Bullying, attached hereto as Exhibit "D"; and Regulation JCDAG-R(1): Bullying, attached

hereto as Exhibit "E".)

35.    At all times relevant hereto, among other things of which the District was aware and prohibited were:

    (a) verbal assaults such as unwanted teasing or name-calling;

    (b) threats, taunts and intimidation through words and gestures;

    (c) direct physical contact such as hitting or shoving;

    (d) physical violence and/or attacks;

    (e) public and social humiliation;

    (f) the use of cameras or camera phones to take embarrassing photographs.

(See Board Policy Code JCDAG: Bullying, attached hereto as Exhibit "D".)

36.    At all times relevant hereto, the District had a policy whereby school staff, including teachers and coaches, were expected to intervene when seeing a bullying incident or upon receipt of any report of bullying. (See Board Policy Code JCDAG: Bullying, attached hereto as Exhibit "D"; and Regulation JCDAG-R(1): Bullying, attached hereto as Exhibit "E".)

37.    At all times relevant hereto, the District had a policy that 'at an appropriate time during or after' an investigation, the parent or guardian must be notified. (See Board Policy Code JCDAG: Bullying, attached hereto as Exhibit "D"; and Regulation JCDAG-R(1): Bullying, attached hereto as Exhibit "E".)

38.    At all times relevant hereto, the Dekalb County BOE and the Dekalb County School District recognized the negative impact that bullying had on student health, welfare and safety and on the learning environment.

39.    As part of the Dekalb County School District's Code of Student Conduce (See Exhibit "F", pg.73, 2nd paragraph) a Supplemental Safety and Discipline Information Section confirmed Dekalb County School District's knowledge that "*Students cannot be expected to reach their full academic potential in an environment of fear and intimidation.  All schools in the Dekalb County School District have an obligation to provide a safe, healthy, and positive learning environment for their students and to promote mutual respect and acceptance among students, staff and volunteers*", a standard and obligation the Dekalb County School District, and in this particular instance, the Ronald E. McNair Middle School administration and coaching staff ignored and to which were *deliberately indifferent*.

40.    At or about 6:00 p.m. on or about October 17, 2023, most of the McNair Middle School football team members, including M.H., were in the locker room after practice.

41.    One of the boys, in the locker room, (identified above as one of the John Does Nos. 3 or 4) pointed at M.H. and began yelling 'let's strip him' or words to that effect.

42.     M.H. tried to escape by running into and locking shut a bathroom stall; however, several boys (at least one of which was identified above as John Doe Nos. 3 or 4) pulled M.H. out of the bathroom stall after one of the John Does No. 3 or 4 kicked the stall door down.

43.     After the bathroom stall door was kicked open, John Does Nos. 3 and 4 pulled M.H. from the stall and held him down while removing all of his clothing, rendering M.H. naked on the locker room floor.

44.     During the immediately above-described incident, in addition to holding M.H. down, naked with his private parts exposed, John Does Nos. 3 and 4, and others as yet to be identified, turned M.H. over, face down, while one of the John Does No. 3 or 4, reasonably believed by M.H. to be "A.F.", attempted to insert a water bottle into M.H.'s rectum.

45.     During the above described 'hazing' incident, while M.H. was being held down John Doe No. 4, believed by M.H. to be A.F., attempted to insert a water bottle into M.H.'s rectum, one of the coaches walked into the locker room.

46.     Support for Plaintiff's claims can also be found in Dekalb County School District Title IX Severe Harassment Report, Case No. INV-23-12-023, marked as Exhibit "G".)

        (a)     [A.F.] "There was this "game" they do when they pull down

somebody's pants or take their clothes, but what they did to him (M.H.) that day doesn't usually happen" (See Exhibit "G".)

(b)     [Title IX Investigator] "Who does this?" [A.F.] "The whole team…"But it's never gotten that bad". (See Exhibit "G".)

(c)     [B.W.] "That was the first time that somebody lost his underwear." (See Exhibit "G".)

(d)     [B.W.] "Miami had the bottle…."   (See Exhibit "G".)

(e)     [A.F.] "Well, I was there in the locker room.   Everybody was. When they got his pants and clothes all the way off he (M.H.) ran back into the locker room.   My locker is right beside his and I was in the group laughing at him right in front of his face." (See Exhibit "G".)

47.    A determination by Dekalb County School District's Title IX Decision Maker, Dr. Deborah Moore-Sanders in correspondence dated August 22, 2024 to Ms. Paulette Harris determined that there was sufficient information to support a finding of responsibility for sexual harassment and sexual assault of "B.W." against "M.H.". (See Exhibit "I".)

48.    A determination by Dekalb County School District's Title IX Decision Maker, Dr. Deborah Moore-Sanders in correspondence dated August 22, 2024 to Ms. Paulette Harris determined that there was sufficient information to support a finding

of responsibility for sexual assault of "A.F. Jr." against "M.H.".   (See Exhibit "J".)

49.     The coach, while not immediately intervening, did tell the assailants to 'let him up' and 'give him his clothes' or words to that effect and told everybody to delete any video. (See Exhibit "G".)

50.     Upon information and belief, routine hazing, bullying and sexual exploitations, molestations, and harassments of minor students attending McNair Middle School students, including student-athletes, were known by the McNair Middle School administration and staff, including its coaches and coaching staff, and were ignored and treated with *deliberate indifference*.

51.     Upon information and belief, routine hazing of minor student athletes, including incidents involving a sexual component, were well known to the coaching staffs and administration. (See Exhibit "G" District Title IX Severe Harassment Report, Case No. INV-23-12-023, Title IX Investigator interviews.)

52.     The Dekalb County School District, including its administration have long been aware of teacher-on-student and student-on-student misconduct and have failed miserably in protecting children who are entrusted to teachers, coaches and both licensed and non-licensed staff employed by the Dekalb County School District.

53.     Defendant Dekalb County School District violated its own policy when it knowingly allowed routine hazing and sexual assaults to occur.

54.     On or about Monday, December 18, 2023, Ms. Harris received a call from an as yet to be identified female student's mother regarding a video which was shared by 'airdrop'[1] which video captured the sexual assault and hazing of M.H. that took place on October 17, 2023.

55.     Defendant Dekalb County School District violated its own policy when it failed to property or timely notify M.H.'s parent or guardian of the hazing/sexual assault incident.

56.     On or about Tuesday, December 19, 2023, Ms. Harris, accompanied by M.H., reported the information regarding the sexual assault and hazing incident and the video of the sexual assault and hazing incident to McNair Middle School officials and Dekalb County Schools Public Safety. (See Case No. 202312190189, attached hereto as Exhibit H.)

## CAUSES OF ACTION

### COUNT ONE
### Negligence/Gross Negligence
### Violation of O.C.G.A. § 51-3-1
### Duty of Owner or Occupier of Land to Invitee

57.     Paragraphs 1 through 56 are adopted and incorporated as though fully and completely set forth herein.

---

[1] Apple AirDrop is a mobile device feature that lets users share data from one device to another on the same Wi-Fi network. AirDrop allows users to share photos, videos, websites and locations between devices that are up to about 30 feet apart.

58.     At all times relevant hereto, the Dekalb County School District owned, occupied and operated the McNair Middle School, a public school located at 2190 Wallingford Drive, Decatur, Georgia (hereinafter sometimes also referred to as the "McNair Middle School" or as the "Premises").

59.     O.C.G.A. § 51-3-1 states:

> Where an owner or occupier of land, by express or implied invitation, incudes or leads others to come upon his premises, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

60.     Defendant Dekalb County School District is not an arm of the state for purposes of immunity in part because the Georgia Tort Claims Act, O.C.G.A. § 50-21-20 et seq., which explicitly excludes school districts from the Act's definition of "state".

61.     At all times relevant hereto, M.H. was a student, a student-athlete, and as such, an invitee to the Premises.

62.     At all times relevant hereto, Defendant Dekalb County School District, as the owner/occupier/operator of the Premises, owed a non-delegable duty to exercise ordinary care to M.H., as well as all of the students at McNair Middle School, to keep the premises safe from reasonably foreseeable, unlawful acts on the Premises.

63.    At all times relevant hereto Defendant Dekalb County School District, including its teachers and student overseers, were required to exercise reasonable and ordinary care and diligence in maintaining and controlling the premises and exercising their respective duties and responsibilities owed to M.H. and other invitees to the premises.

64.    At all times relevant hereto Defendant Dekalb County School District, including its teachers, coaches and overseers of students, particularly those having a responsibility to oversee and/or monitor M.H. and other students, including student-athletes, knew of the dangerous conditions, including prior acts of hazing of student athletes, bullying, fights, assaults and sexual assaults on the Premises and the likelihood that acts of violence resulting in physical and non-physical assaults and injury-producing events would more than likely-than-not reoccur.

65.    Defendant Dekalb County School District was negligent/grossly negligent by failing to keep the Premises (McNair Middle School in this instance) safe from known dangerous conditions, including dangerous actors with known propensities for acts of violence and student-athletes with a proclivity to haze other students (hazing) on its premises.

66.    By and through Defendant Dekalb County School District's

negligent/grossly negligent conduct, M.H. suffered and continues to suffer injuries for which he is entitled to recover, including, but not limited to his past, present and future physical and psychological pain and suffering; his past, present and future medical bills, counseling, and other costs and expenses for medical and psychological care and treatment; and for a marred educational opportunity and an impaired educational opportunity.

**COUNT TWO**
**<u>Gross Negligence as to</u>**
**<u>Defendant Dekalb County School District</u>**

67. Paragraphs 1 through 66 are adopted and incorporated as though fully and completely set forth herein.

68. At all times relevant hereto Defendant Dekalb County School District, including its teachers and non-licensed overseers of students, were required to exercise reasonable and ordinary care and diligence in overseeing and monitoring M.H., and to continue to exercise that same duty once such duty was undertaken.

69. Defendant Dekalb County School District was negligent/grossly negligent by failing to properly train, instruct, monitor and supervise its student-athletes with respect to how to properly conduct themselves and more importantly, how not to conduct themselves as responsible student-athletes attending McNair Middle School.

70.    By and through Defendant Dekalb County School District's negligent/grossly negligent conduct, M.H. suffered and continues to suffer injuries for which he is entitled to recover, including, but not limited to his past, present and future physical and psychological pain and suffering; his past, present and future medical bills, counseling, and other costs and expenses for medical and psychological care and treatment; and for a marred educational opportunity and an impaired educational opportunity.

**COUNT THREE**
**Gross Negligence as to**
**Defendant Dekalb County School District**
**Negligent Training and Supervision**

71.    Paragraphs 1 through 70 are adopted and incorporated as though fully and completely set forth herein.

72.    At all times relevant hereto, upon information and belief, Defendant Dekalb County School District had policies, procedures and practices regarding (i) bullying; (2) harassment; and (3) hazing.

73.    At all times relevant hereto, Dekalb County School District was aware of numerous acts of harassment, sexual harassment, hazing and assaults of students at various of its public-school locations, including McNair Middle School.

74.    At all times relevant hereto, upon information and belief, Defendant Dekalb County School District had policies, procedures and practices in place with respect

to training and supervising students under their respective care and/or control.

75.     Overseeing students and ensuring compliance the policies set forth in Dekalb County School District's polices are mandatory functions and not subject to discretionary conduct.

76.     Defendant Dekalb County School District was negligent/grossly negligent when its' employees and/or overseers of students, in this case specifically the coaching staff at McNair Middle School failed to follow and ensure the following of and adherence to Dekalb County School District's policies.

77.     By and through Defendant Dekalb County School District's negligent/grossly negligent conduct, M.H. suffered and continues to suffer injuries for which he is entitled to recover, including, but not limited to his past, present and future physical and psychological pain and suffering; his past, present and future medical bills, counseling, and other costs and expenses for medical and psychological care and treatment; and for a marred educational opportunity and an impaired educational opportunity.

**COUNT FOUR**
**Defendant Dekalb County School District's**
**Violation of Title IX of the Educational Amendments of 1972**

78.     Paragraphs 1 through 77 are adopted and incorporated as though fully and completely set forth herein.

79.    The Dekalb County School District is an "educational program or activity receiving Federal financial assistance..." within the meaning of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) (hereinafter "Title IX").

80.    The School District, by and through its Board of Education, established, operated and maintained a public-school system for school-age children of Dekalb County Georgia.

81.    Title IX of the Education Amendment of 1972 ("Title IX"), 20 U.S.C. § 1681(a) states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance....

82.    Title IX's broad prohibition against sexual discrimination also includes *sexual harassment, bullying and hazing*.

83.    At all times relevant hereto, the Dekalb County School District had a duty to protect M.H., a student at McNair Middle School who was sexually assaulted, and other similarly situated students and student athletes attending McNair Middle School.

84.    Sexual harassment, including any form of sexual abuse, bullying or mistreatment is a form of unlawful sexual discrimination that can violate the Equal

Protection Clause of the 14th Amendment to the United States Constitution.

85.    M.H.'s Equal Protection rights were violated when he suffered a sexual assault by other student athletes during a hazing incident in the boys locker room at the McNair Middle School.

86.    At all times relevant hereto, M.H. was in the care, custody and under the control of McNair Middle School teachers and coaches.

87.    At all times relevant hereto, M.H. had federally protected civil rights secured by federal statutes under Title IX of the Educational Amendments of 1972 which provided, in pertinent part:

> [N]o person shall…be subjected to discrimination under any educational program or activity securing Federal financial assistance…

88.    Title IX of the Educational Amendments of 1972 was intended to benefit students, including student-athletes like M.H.

89.    Title IX of the Educational Amendments of 1972 provides clear civil rights, which rights are not amorphous or vague, protecting and providing students, including M.H., a safe school environment, free from discrimination, harassment, sexual harassment, intimidation, bullying and abuse.

90.    At all times relevant hereto, Defendant Dekalb County School District was a policy maker, administrator and overseer having a duty to properly train and supervise those under its control.

91.     Defendant Dekalb County School District breached its duty by failing to properly or sufficiently train its administrators, executives, staff, teachers, coaches and support personnel with respect to sexual abuse, bullying, hazing and harassment, to include student-on-student and teacher-on-student sexual and discriminatory misconduct.

92.     At all times relevant hereto, Defendant Dekalb County School District was aware of multiple acts of misconduct and sexual abuse of students in teacher-on-student and student-on-student assaults on its many campuses.

93.     At all times relevant hereto, Defendant Dekalb County School District was *deliberately indifferent* to the consequences of failing to properly or sufficiently train its administrators, executives, staff, teachers, coaches, parents and students about sexual abuse, bullying, hazing and harassment, to include student-on-student and teacher-on-student sexual and discriminatory misconduct and further failed to properly or sufficiently train such individuals in identifying, investigating, reporting and remedying the effects/affects of such abuses, including incidents of harassment and hazing.

94.     At all times relevant hereto and as early as 1998 Dekalb County School District was aware that in 1998, the U.S. Supreme Court stated:

"[t]he number of reported cases involving sexual harassment of students in schools confirms that harassment unfortunately is an all too

often aspect of the educational experience." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292 (1998).

95.    At all times relevant hereto and as early as 1999 Dekalb County School District was aware that the U.S. Supreme Court determined that schools may be held liable in private Title IX actions for monetary damages when they are deliberately indifferent to student-against-student sexual misconduct and harassment.

*See Davis v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629 (1999).

96.    At all times relevant hereto and as early as 2001 Dekalb County School District was aware that in January, 2001, the U.S. Department of Education Office for Civil Rights (sometimes referred to as "O.C.R.") issued *Revised Sexual Harassment Guidelines: Harassment of Students by School Employees, Other Students, or Third Parties* ("2001 O.C.R. Guidance"), informing all U.S. Schools receiving Federal financial assistance, including Defendant Dekalb County School District, that "[p]reventing and remedying sexual harassment in schools is essential to ensuring a safe environment in which students can learn." O.C.R. reminded schools that student-against-student sexual misconduct constitutes prohibited sexual harassment. O.C.R. which also stated:

"[S]chools need to ensure that employees are **trained** so that those with authority to address harassment know how to respond appropriately, and other responsible employees know that they are obligated to report harassment to appropriate school officials. Training for employees

should include practical information about how to identify harassment and, as applicable, the person to who it should be reported."

97. At all times relevant hereto and as early as 2001 Dekalb County School District was aware that the 2001 O.C.R. Guidelines stated, with respect to student-against-student sexual harassment:

> "If a student sexually harasses another student and the harassing conduct is sufficiently serious to deny or limit the student's ability to participate in or benefit from the program, and if the school knows…about the harassment, the school is responsible for taking immediate effective action to eliminate the hostile environment and prevent its recurrence…[I]f, upon notice, the school fails to take prompt, effective action, the school's own inaction has permitted the student to be subjected to a hostile environment that denies or limits the student's ability to participate in or benefit from the school's program on the basis of sex."

98. At all times relevant hereto and as early as 2006 Dekalb County School District was aware that in January 2006, O.C.R. issued a *Dear Colleague Letter – Sexual Harassment Issues,* to the U.S. public schools, including Defendant Dekalb County School District, stating:

> "[u]nfortunately, a significant number of students are still subjected to sexual harassment, which can interfere with a student's education as well as his or her emotional and physical well-being."  O.C.R. reminded public schools, including the Dekalb County School District,

of the obligation "to take immediate and effective steps to end sexual harassment when it occurs, prevent its recurrence, and remedy its effects."

99.     At all times relevant hereto and as early as 2008 Dekalb County School District was aware that O.C.R. issued *Sexual Harassment: It's Not Academic*, reiterating that unwelcome student-against-student sexual touching is sexual harassment, and that sexual harassment includes rape, sexual assault, dating violence and sexually motivated stalking.

100.    At all times relevant hereto and as early as 2011 Dekalb County School District was aware that in April 2011 O.C.R. sent *Dear Colleague Letter: Sexual Violence* ("2011 O.C.R. Guidance")[2], to all U.S. public schools, including Defendant Dekalb County School District, that issued a "call to action" to the nation's schools because of "deeply troubling" data regarding school-place sexual violence, informing schools that:

> [d]uring the 2007-2008 school year, there were 800 reported incidents of rape and attempted rape and 3,800 reported incidents of other sexual batteries at public high schools."

101.    The Guidance provided in the April 2011 O.C.R. *Dear Colleague Letter: Sexual Violence* ("2011 O.C.R. Guidance" stated,

---

[2] The U.S. Department of Education withdrew this *Dear Colleague Letter* on September 22, 2017. However, the statistics cited have not changed and the requirements set forth have not been formally revised or otherwise superseded the U.S. Department of Education.

"[a] number of different acts fall into the category of sexual violence, including rape, sexual assault, sexual battery, and sexual coercion. All such acts of sexual violence are forms of sexual harassment under Title IX"

and while the foregoing statistics referred to public high schools, this *Dear Colleague Letter* served as further notice to all public schools, including the Dekalb County schools within the Dekalb County School District, that sexual harassment, including the examples provided, served to reenforce the need for public schools and their teachers and overseers of students need for vigilance.

102.   At all times relevant hereto and as early as 2015 Dekalb County School District was aware that in April 2015 O.C.R. sent a *Dear Colleague Letter: Title IX Coordinators*, and issued a *Title IX Resource Guide*, to all U.S. public schools, including Defendant Dekalb County School District reminding schools of their obligation to designate at least one employee as a Title IX Coordinator who is responsible for coordinating the school's efforts to comply with and carry out the school's Title IX responsibilities pursuant to 34 C.F.R. §106.8(a).

103.   Prior to the incident of October 17, 2023 as described hereinabove, numerous authorities, including the U.S. Supreme Court and the U.S. Department of Education, made clear and gave notice to, among others, the Defendant Dekalb

County School District, that school employees, including teachers, coaches and administrators, were required to confront sexual harassment, including acts of sexual misconduct, bullying and hazing, with regularity, given the high predictability, recurrence and prevalence of student-against-student sexual assaults and abuses in schools, therefore making it abundantly clear and foreseeable and virtually inevitable that schools, including those located within the Dekalb County School District, through their administrators, executives and other employees would encounter recurrent situations involving sexual abuse that implicates and imposes upon a student's Constitutional and federally protected rights.

104.   Upon information and belief, despite clear notice, instruction and direction provided by the U.S. Supreme Court and the U.S. Department of Education Office for Civil Rights regarding the obligations of all U.S. public schools, Defendant Dekalb County School District failed to prevent, and failed to remediate incidents of hazing and the effects and opportunities of sexual harassment of students and student athletes and further failed to provide appropriate training and education to its administrators, staff and coaches.

105.   Defendant Dekalb County School District, by and through its conduct, actions and inactions, and by and through the conduct, actions and inactions of its employees, to include its administrators, executives, staff, teachers and coaches, and

more specifically those of the McNair Middle School, despite knowledge of prior similar acts, including incidents of hazing, failed to adequately train such individuals with respect to their respective duty and responsibility to prohibit and discourage foreseeable misconduct, including incidents of hazing and thereby displaying complete *deliberate indifference* to the consequences thereof.

106.   At all times relevant hereto, the Superintendent of Schools of the Dekalb County School District, thereby the School District, had the authority and the ability to take corrective measures in response to notice, including actual and constructive notice, of inappropriate conduct involving students attending the McNair Middle School and to take all reasonable measures to alert its employees, students and parents of the Dekalb County School District, including those of the McNair Middle School, of the possibility, in fact likelihood, of inappropriate and violative conduct by students involved in incidents of sexually assaulting, bullying and hazing of students; thereby exhibiting *deliberate indifference* to the consequences of such inappropriate and illegal conduct.

107.   As a direct and proximate consequence and result of the negligence of the Dekalb County School District, including its negligence and *deliberate indifference*, and specifically to include the negligence and *deliberate indifference* of at least one, and upon reasonable belief more than one of its mandatory reporters, administrators,

executives, teachers and/or coaches, M.H. was caused to suffer virtually immeasurable physical and emotional injuries and damages from which he is likely to continue to suffer long into the future.

108.  Defendant Dekalb County School District failed to adhere to its obligations under Title IX and is therefore liable to M.H. under Title IX for damages in such amount that will compensate him for any damages incurred and which are likely to be incurred as a result of Defendant Dekalb County School District's violations of Title IX, such all damages associated with any loss of educational opportunities or a diminished capacity to earn.

**COUNT FIVE**
**Violation of 42 U.S.C. § 1983**
**as to Defendant Dekalb County School District**

109.  Paragraphs 1 through 108 are adopted and incorporated as though fully and completely set forth herein.

110.  42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity. At all times relevant hereto, M.H. had a liberty interest in her bodily

integrity that was protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

111.   At all times relevant hereto, there were laws, rules, regulations, policies, and procedures, promulgated by federal and state laws, policies, and procedures applicable to the Dekalb County School District, by and through laws, policies, and procedures, failure to adhere to such caused emotional harm to M.H.

112.   Dekalb County School District's failure to adhere to such laws, rules, regulations, policies and procedures, promulgated by federal and state laws, policies, and procedures, caused physical and emotional harm to M.H.

113.   The conduct described herein and to be shown with additional clarity and certainty at trial, demonstrated M.H.'s being deprived of his liberty interests in his bodily integrity in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

114.   The conduct described herein and to be shown with additional clarity and certainty at trial, demonstrate Defendant Dekalb County School District's failure to take minimal precautions to safeguard the bodily integrity of M.H. and other students attending McNair Middle School, particularly in this case, young student-athletes, thereby allowing and elevating the opportunity for sexual assaults and harm to such students.

115.   The Dekalb County School District, by and through the conduct of its employees, including but not necessarily limited to the teachers, administrators, staff

and coaches of the McNair Middle School, failed to properly supervise students, despite its knowledge of the well-known federally protected civil rights and state laws applicable to such students.

116.   The School District is liable to Plaintiff under 42 U.S.C. § 1983 for damages in such amount as will compensate M.H. for the physical, emotional, mental and educational injuries he has suffered and will likely continue to suffer long into the future.

**COUNT SIX**
**Violation of 42 U.S.C. § 1988**
**As to Defendant Dekalb County School District**

117.    Paragraphs 1 through 116 are adopted and incorporated as though fully and completely set forth herein.

118.   The School District is liable to M.H. under 42 U.S.C. § 1988 for reasonable attorney's fees, including expert fees, as part of the costs in this action.

**DAMAGES APPLICABLE TO ALL COUNTS**

119.   Paragraphs 1 through 118 are adopted and incorporated as though fully and completely set forth herein.

120.   While the Dekalb County School District alleges or maintains it is committed to promoting and impacting student academic and educational success, leading to extended levels of education, and training, resulting in continued life-long learning, it failed in its' duties owed to M.H. resulting in physical, emotional and mental harm,

pain and suffering that has impacted M.H.'s educational opportunities causing him to suffer the impact of his injuries long into the future.

121.  As a direct and proximate result of the conduct, actions and inactions of Defendant Dekalb County School District, and of the *deliberate indifference to consequences* to and in violation of M.H.'s clearly established Georgia, Constitutional and federally protected rights, M.H. suffered and continues to suffer injuries for which he is entitled to recover, including, but not limited to

  (a)  Past, present and future physical and psychological pain, suffering and impairment;

  (b)  Past, present and future medical bills, counseling, and other costs and expenses for medical and psychological care and treatment;

  (c)  A marred educational opportunity and impaired educational capacity and future earning capacity;

  (d)  Attorney's fees and other costs of litigation.

122.  In addition to any damages not clearly set forth in the immediately above, Paulette Harris as the natural parent, guardian and Next Friend of M.H. and on behalf of M.H., seeks all attorney's fees and expenses under 42 U.S.C. § 1988.

  **WHEREFORE,** Plaintiff Paulette Harris, as the natural parent, guardian and Next Friend of M.H. and on behalf of M.H., respectfully requests and prays for judgment against Defendant Dekalb County School District as follows:

  (a)  For special and compensatory damages incurred for the past, present and future medical expenses of M.H., to include all expenses proven

with certainty at trial;

(b)     For general damages for M.H.'s past, present and future psychological and emotional injuries to be awarded in accordance with the enlightened conscience of impartial jurors at trial;

(c)     For attorney's fees and expenses under 42 U.S.C. § 1988;

(d)     For trial by jury; and

(e)     For such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of September, 2024.

ISENBERG & HEWITT, P.C.

*/s/ Melvin L. Hewitt, Jr.*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Ryan L. Isenberg
Georgia Bar No. 384899
Attorneys for the Plaintiff

1200 Altmore Avenue, Suite 120
Sandy Springs, Georgia 30342
T 770 351 4400
F 770 828 0100
mel@isenberg-hewitt.com
ryan@ihlaw.us